United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 06-40775
Summary Calendar

DAVID H. TAYLOR,

Plaintiff-Appellant,

versus

CHRISTUS ST. JOSEPH HEALTH
SYSTEMS, individually, doing business
as Christus St. Joseph's Medical Center;
MONTY MCLAURIN; M.D. W. DARYL
DICKEY; DR. DAVID L. STEWART;
DIGESTIVE DISEASE CENTER, a
Texas Partnership,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(No. 5:04-CV-153)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

David Taylor appeals from the district court's Rule 12(b)(6) dismissal of his claim under the Sherman Act. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Taylor, a gastroenterologist, joined the staff at Christus St. Joseph's Medical Center (St. Joseph's) in Paris, Texas, as well as the private practice of Drs. Daryl Dickey and David Stewart in 1998. Taylor claims that St. Joseph's recruited him in order to maintain its competitiveness against another local hospital, McCuistion Regional Medical Center (McCuistion), in the area of gastroenterology. St. Joseph's acquired McCuistion some time in 1999. Taylor alleges that after the acquisition, St. Joseph's "no longer had any need to support [his] practice" and accordingly began conspiring with Dickey and Stewart to drive him out of the market in Paris, Texas. During this time, Taylor was the object of two malpractice suits, and St. Joseph's accordingly began a review of his charts, discovering during the review that Taylor had been rejected as an "approved physician" by a federally funded health insurer. Based on this discovery, St. Joseph's disqualified Taylor from its staff and removed his privileges to admit patients to the hospital. Taylor also alleges that during this time, Dickey and Stewart made comments that he was a "bad doctor" and a "problem doctor."

On June 6, 2004, Taylor filed suit against the Appellees alleging violations of the Sherman Act as well as state law claims of fraud, defamation, and interference with contract and prospective advantage. The Sherman Act allegation was based on Taylor's belief that his removal from the St. Joseph's staff "meant that consumers of medical care in the Paris area now had a substantially reduced choice of gastroenterologists." Based on a motion by the defendants under Fed. R. Civ. P. 12(b)(6), the complaint was dismissed for failure to state a claim under the Sherman Act because Taylor did not allege harm to competition. Taylor filed an Amended Complaint on March 31, 2005,

2

which was dismissed by the district court on March 28, 2006, again based on the lack of an adequate allegation of harm to competition. The Sherman Act allegations were dismissed with prejudice, while the state law allegations were dismissed without prejudice. It is from this dismissal that Taylor appeals.

## II. DISCUSSION

We review the district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo. *Apani Sw., Inc. v. Coca-Cola Enters., Inc*., 300 F.3d 620, 624 (5th Cir. 2002). We accept all the plaintiff's factual allegations as true to determine if relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* In his Amended Complaint, Taylor alleges that he was removed from practice at St. Joseph's as a result of a conspiracy among the Appellees. He then alleges that this removal "was [an] injury to the competitive market in that it reduced the public's choice of providers who could effectively treat them." However, the only *fact* actually pled by Taylor is that he was removed from practice at St. Joseph's. This fact only shows harm to Taylor, not to competition as required to allege a Sherman Act claim.

In order to plead a Sherman Act claim, Taylor must have alleged that there was a rise in the price of gastroenterology services above a competitive level, a decrease in the supply of gastroenterologists in the relevant market, or a decrease in the quality of gastroenterology service provided. *Miller v. Indiana Hosp*., 814 F. Supp. 1254, 1265 (W.D. Penn. 1992). Taylor did not allege any of these injuries. He claimed only that he was ejected from working at St. Joseph's, not that he was somehow prevented from serving patients in the Paris, Texas area. He alleged only that his ejection might have "*allowed* the remaining doctors . . .to engage in monopoly pricing." He also stated that "the remaining market providers *could* now easily reduce services." None of these

3

amounts to a factual allegation sufficient to withstand a 12(b)(6) motion.  Therefore, we affirm the district court's dismissal of this case.  We also find that the district court did not abuse its discretion in dismissing the case with prejudice, *see Duchardt v. Ewing*, 571 F.2d 869, 871 (5th Cir. 1978), especially after giving Taylor an opportunity to file an amended complaint.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.